UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVE F. ROGERS,                )
                                )
    Plaintiff,                  )
                                )
    v.                          ) Civil Case No. 05-0143 (RJL)
                                )
THE WASHINGTON FAIRMONT         )
HOTEL AND CAROLYN CLARK,        )
                                )
    Defendants.                 )

**FILED**

AUG 2 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MEMORANDUM OPINION
(August 15, 2005) [# 5]

Before the Court is defendants' motion to dismiss for lack of personal jurisdiction, failure to state a claim upon which relief may be granted, and insufficient service of process. Steve Rogers, the *pro se* plaintiff, alleges that the defendants, the Washington Fairmont Hotel (the "Hotel") and Carolyn Clark, violated Title VII of the Civil Rights Act of 1964 by "tolerating" sexual harassment in his workplace. Upon consideration of the defendants' motion, the plaintiff's opposition, and the entire record herein, the Court GRANTS the defendants' motion to dismiss.

### ANALYSIS

The plaintiff bears the burden of establishing a factual basis for the Court to exercise personal jurisdiction over the defendants. *Crane v. N.Y. Zoological Society*, 894 F.2d 454, 456 (D.C. Cir. 1990). To exercise jurisdiction over an individual, the plaintiff must allege specific acts connecting a defendant with the forum. *Second Amendment*

*Foundation v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). If a defendant does not reside within this Court's jurisdiction, this Court may dismiss an action against the individual pursuant to Rule 12(b)(2) if she is not within the reach of the D.C. long-arm statute. *See* FED. R. CIV. P. 12(b)(2); *GTE New Media Services Inc. v. Bellsouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). To exercise jurisdiction over a corporation, service of process must be made upon an "officer, a managing or general agent, or to any agent authorized by appointment or by law to receive service." FED. R. CIV. P. 12(b)(5). This Court may dismiss an action pursuant to Rule 12(b)(5) if a defendant did not receive sufficient service of process. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). For the following reasons, this Court lacks jurisdiction over both defendants, Ms. Clark and the Washington Fairmont Hotel.

## I. Carolyn Clark

The Court lacks personal jurisdiction over Ms. Clark, in her individual capacity, because she does not reside in the District and is not within the reach of the D.C. long-arm statute. Service of a summons is effective to establish personal jurisdiction over a person only if she "could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." FED. R. CIV. P. 4(k)(1)(A). Ms. Clark, who is the Vice President of Human Resources for the Fairmont Hotel & Resorts, resides and works in Toronto, Ontario, Canada. Def. Arg. ¶ 2; Fennerty Decl. ¶ 7. Because Ms. Clark does not live in the District, this Court can only exercise jurisdiction over her if her

conduct falls within the D.C. long-arm statute.[1] *See Xiangyuan v. Fed. Hous. Fin. Bd.*, 2004 WL 1249788, at *2 (D.C. Cir. June 7, 2004). The only reference to Ms. Clark in the complaint relates to the letter that plaintiff sent to her at her office in Toronto. Pl. Stmt. Case ¶ 4; Mot. Dismiss at 3-4. Plaintiff failed to allege any facts that would actually place Ms. Clark within the reach of the D.C. long-arm statute. Accordingly, the Court dismisses the complaint against Ms. Clark for lack of personal jurisdiction.

## II.     The Hotel

The Court does not have personal jurisdiction over the Hotel because service of process was insufficient. To affect service on the Hotel, the plaintiff sent a summons and complaint to Don Fennerty, who is the Director of Human Resources for the Hotel in D.C. Def. Stmt. Facts ¶ 3; Fennerty Decl. ¶ 2. Under both the federal and local rules, service upon a corporation is valid when it is made upon an "officer, a managing or general agent, or to any agent authorized by appointment or by law to receive service." FED. R. CIV. P. 4(h); D.C. Superior Ct. R. 4(h).

Mr. Fennerty, however, is not an officer, managing agent, or general agent of the Hotel, and he is not otherwise authorized to receive service. An officer is a person

---

[1]     Under the District of Columbia's long-arm statute, a defendant may be subject to the jurisdiction of this Court when the defendant transacted any business in the District of Columbia, caused tortious injury in the District of Columbia by an act or omission in the District of Columbia, or caused tortious injury in the District of Columbia by an act or omission outside the District of Columbia if the defendant regularly does business, engages in any persistent course of conduct, or derives substantial revenue from goods consumed or services rendered in the District of Columbia. D.C. Code § 13-423.

"elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer." *Black's Law Dictionary* 1117 (8th ed. 2004). As Director of Human Resources, Mr. Fennerty's duties do not include managing the daily operations of the corporation, Fennerty Decl. ¶¶ 2, 3; therefore, he is not an officer. In order to be considered a "managing or general agent," a person must have broad authority encompassing general management powers, distinguished from an employee who acts in an inferior capacity and acts "under the direction and control of the principal." *Black's Law Dictionary* 69-70 (8th ed. 2004); *see also Harris v. Howard Univ. Inc.*, 28 F. Supp. 2d 1, 12 (D.D.C. 1998) (Lamberth, J.). Mr. Fennerty performs his Human Resource duties under the supervision of the Hotel's General Manager and does not exercise general management powers at the Hotel. Fennerty Decl. ¶¶ 2, 3. Therefore, Mr. Fennerty is not a managing or general agent for the Hotel.

Finally, there are no facts alleged to demonstrate that Mr. Fennerty is authorized to receive service on behalf of the Hotel. Thus, since Mr. Fennerty is neither an officer, managing agent, general agent of the Hotel, nor authorized to receive service, the Hotel was not effectively served under Rule 4(h). Accordingly, plaintiff's suit against the Hotel is dismissed for insufficient service of process.

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss and dismisses the action in its entirety. An order consistent with this ruling accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge